RICHARD MAYS v. L. B. COBB, DISTRICT JUDGE, ET AL.

No. 1609.  Decided October 25, 1906.

**Election Law—Primary—Determining Nominee.**

Under section 120 of the Terrell election law (Acts 29th Leg., first-called sess., ch. 11, sec. 120, p. 521), the duty of determining the nominee of a party at a primary election, for a district office, is devolved upon the convention called for that purpose, and the result is to be certified by the chairman of such convention; and his action is not subject to review by the executive committee of the party for the district. (P. 135.)

Original proceeding in the Supreme Court for writ of mandamus.

Mays and Hardy with another were candidates at the primary election of the Democratic party, for the nomination for Representative in Congress from the Sixth Congressional District of Texas. The district convention decided Hardy to be the nominee and this result was certified by the chairman of the convention. Mays contested the decision, claiming to have received the nomination in the convention, and applied to the Democratic district committee to so pronounce, claiming that the chairman of such committee was the proper one to certify the result of the convention. This issue arose on the construction of the following language contained in section 120 of the Terrell election law: "The result of the nominating convention of a district shall be certified by the chairman thereof to the county clerks of the counties composing such district and of a state convention to the Secretary of State who shall in turn certify the same to all county clerks." The question was whether the words "chairman thereof" meant chairman of the convention or of the district.

Hardy thereupon obtained an injunction from the District Court in Navarro County to restrain the executive committee from action in the premises. Mays then brought suit in the District Court of Milam County to require the executive committee to have his own nomination certified and obtained temporary injunction restraining the several county clerks from placing Hardy's name on the ticket until the suit was determined. Both Navarro and Milam Counties were in the Sixth Congressional District, but were in different judicial districts having different judges. Hardy then applied to the judge of the District Court. in Navarro County and obtained an enlargement of the previous injunction requiring the county clerks to disregard the Milam County injunction and Mays to dismiss his proceedings there.

This application by Mays to the Supreme Court was then made for a mandamus requiring the Navarro County district judge to vacate his injunctions.

*R. S. Neblett, A. J. Harper, Freeman & Morrison* and *Scott Field,* for relator Mays.—Under the provisions of the Terrell election law, it is the duty of the district executive committee, or of the chairman of such committee, to declare the result of the district nominating convention, and it is not the duty of the chairman of the nominating convention to make such certificate. Terrell Election Law, secs. 99, 100, 106, 114, 115, 117, 118, 120, 121, 124, 131, 141, 142, 153, 154, 173.

Under the provisions of the Terrell election law it is the duty and exclusively within the power of such district executive committee to hear a contest of or for the nomination to the office of Representative in Congress for said district; and the hearing of such contest being strictly a political question, no court has the power to prevent the holding and hearing of such contest.

Where the statute, taking control of nominations, makes provisions for the settlement of any disputes arising over nominations, by referring such questions to a special tribunal, the decision of such tribunal is final, and the courts have no jurisdiction over such questions. High on In-

junctions, sec. 1312 and sec. 50; Chapman v. Miller, 52 Ohio St., 166; Cain v. Page (Ky.), 42 S. W. Rep., 336; Moody v. Trimble, 58 S. W. Rep., 504; People v. Baird, 45 N. E. Rep., 1081; People v. Court, 74 Pac., 896; Miller v. Clark, 62 Kan., 278; 10 Am. & Eng. Ency. of Law (2d ed.), 660; Acts of 1905, secs. 141 and 142.

The holding, hearing and determination of such contests involves the exercise of the wisdom and discretion of the members of such executive committee, and no court has power to assume in advance of the decision of such committee that it will decide such contest in any particular way, or that it will make such decision illegal, or fraudulent. High on Injunctions, sec. 50; Smith v. Ryan, 20 Texas, 665; Gibson v. Moore, 22 Texas, 614; Chisholm v. Adams, 71 Texas, 681; Riggins v. Thompson, 70 S. W. Rep., 578; Robinson v. Wingate, 80 S. W. Rep., 1067; Same case, 83 S. W. Rep., 182.

Where two courts have concurrent jurisdiction over the same subject matter and parties to a suit, the court in which the bill or petition is first filed acquires jurisdiction, and no other court of concurrent jurisdiction has the power to require the plaintiff to dismiss or abandon the suit in such court wherein the jurisdiction was first obtained. Especially is this true where the dismissal or abandonment of such suit would result in forever preventing the plaintiff from establishing valuable rights in controversy in such suit. Walker v. Howard, 10 Texas Civ. App., 610; Wells on Jurisdiction, sec. 156; Stone v. Byars, 73 S. W. Rep., 1086; Farmers' Loan and Trust Co. v. Lake Street Ry. Co., 177 U. S., 51.

The petition in cause No. 6884, as originally filed on September 10, did not put in issue the right of Mays or Hardy to the nomination for Congress, but it was only an action against the executive committee to restrain it from hearing the contest, and the court was without jurisdiction to entertain such proceeding, and, therefore, the whole of such proceedings in the District Court of Navarro County, filed therein before the institution of the suit in Milam County, were void; and as the District Court of Milam County does have jurisdiction to entertain the suit for a mandamus against the executive committee and the clerks, it first acquired jurisdiction of the subject matter and parties thereto before the filing of the amended petition in Navarro County. Terrell Election Law, sec. 142; High on Injunctions, sec. 1312; Williams v. Lewis, 54 Pac. Rep., 619; McCoach v. Whipple, 51 Pac. Rep., 164; Young v. Beckham, 72 S. W. Rep., 1092; Neal v. Young, 75 S. W. Rep., 1082.

If by any kind of construction it could be held that the allegations of the original petition filed by respondent Hardy invoked and called into exercise the power of respondent Cobb, as district judge, to mandamus the clerks in the district, requiring them to print the name of respondent Hardy on the official ballot, and restraining them from printing Mays' name thereon, and restraining Mays from asserting in any court of law or equity his right to the nomination, such allegations were abandoned and waived and such power in the court was expressly excluded in the fiat of the judge endorsed on the original petition and set out in this brief, and the consent of respondent Cobb that the relator Mays may so proceed in any court can not now be withdrawn, cancelled or annulled, nor can such abandoned or excluded jurisdiction be

regained after the institution of the suit in Milam County. Groesbeck v. Crow, 91 Texas, 77; Converse v. Davis, 90 Texas, 466.

If respondent Cobb, under the allegations of the original bill acquired jurisdiction to grant the relief asserted in the amended bill filed in the District Court of Navarro County September 26, he having consented to relator Mays instituting the suit now pending in Milam County, the same being a suit to assert and establish his right to the nomination, the withdrawal of such consent, and the direction that the suit so instituted should be dismissed, and the restraint of relator Mays from prosecuting such suit, are so manifestly unjust and abusive of discretion that such order so entered should now be corrected by this court under the mandamus prayed for, and relator be left free to proceed with the trial of that suit in Milam County. Terrell v. Greene, 88 Texas, 547; Riggins v. Richard, 79 S. W. Rep., 84; Ex Parte Becke, 3 Bacon's Abb., 704; King v. Justice Wiltshire, 10 East, 440; State Ex rel. v. Johnson, Circuit Judge, 103 Wis., 597; King v. Justice, 7 B. and C., 692; 3 Black. Com., 265; Arberry v. Beavers, 6 Texas, 472; State v. Rickards, 16 Mont., 145; 3 B. and Ad., 704; 10 East, 404; 7 B. and C., 692; 3 Black. Com., 265; Ex parte Bradley, 7 Wall., 377; State v. Lafayette County Court, 41 Mo., 226; People v. Superior Court, 10 Wend., 285; Stockton Ry. v. Stockton, 51 Cal., 339; Wood v. Strother, 76 Cal., 545.

Where a ruling of the district judge in a proceeding before him, by an interlocutory order from which no appeal will lie, until it is too late to be of avail, denies the party a plain constitutional, or statutory right, the action of such judge can and should be controlled and vacated by a writ of mandamus.

The Supreme Court of Texas has the power in an original proceeding to issue a writ of mandamus in a case where a district judge acts in a matter in which he has no jurisdiction, or in a case wherein he has jurisdiction he makes an order beyond the scope of his authority and power, or in a case wherein the judge has jurisdiction he exercises the powers conferred on him in a manner to abuse his discretion wherein serious injury is done and no appeal from such action will lie. Terrell v. Greene, 88 Texas, 547; Pickle v. McCall, 86 Texas, 212; Schintz v. Morris, 13 Texas Civ. App., 586; Arberry v. Beavers, 6 Texas, 472; Ex parte Sayre, 95 Ala., 293; Ex parte Fecheimer, 103 Ala., 154; Ex parte Boothe, 64 Ala., 312; Ex parte Keeling, 50 Ala., 474; Ex parte Ray and DeFoe, 45 Ala., 15; McLean v. Wayne Circuit Judge, 52 Mich., 258; O'Brien v. Alpena Circuit Judge, 106 Mich., 42; Chapin v. Montcalm Circuit Judge, 104 Mich., 732; Tawas & Bay Ry. v. Iosco Circuit Judge, 44 Mich., 479; City of Detroit v. Hosmer, 79 Mich., 384; State v. Sneed, 105 Tenn., 711; Commonwealth v. Hoopes, 30 Atlantic Rep., 207; State v. Booth, 59 Pacific Rep., 555; State v. Judge of Division B, 27 Southern Rep., 702; State v. Board of Directors, 134 Mo., 296; Commonwealth v. Berry, 92 S. W. Rep., 937; Wood v. Strother, 76 Cal., 549; Ex parte Pile, 9 Ark., 336; Ex parte Woodruff, 26 So. Rep., 509; 3 Black. Com., 110; Virginia v. Rives, 100 U. S., 329; Ex parte Bradley, 7 Wall., 377; Rex v. Barker, 3 Burr., 1265; Rex v. Archbishop, 8 East, 213; Tapping on Mandamus, pp. 154, 66; Rex v. Bristol Dock Co., 12 East, 429; St. Louis, etc., Ry. Co. v. Wear, 135 Mo., 230; State v. McArthur, 13 Wis., 407; State v. Circuit Judge, 97 Wis., 1; State Ex rel.

Fourth National Bank v. Johnson, 103 Wis., 597; Port Huron & G. Ry. Co. v. Judge of St. Clair, 31 Mich., 456; Virginia v. Paul, 148 U. S., 107; Fremont v. Crippen, 10 Cal., 211; People v. Mayor of New York, 10 Wend., 395; Raleigh v. District Court, 61 Pac., 991; People v. Superior Court, 5 Wend., 115; State Ex rel. Reynolds v. Graves, 92 N. W. Rep., 144; State v. Kirke, 12 Fla., 278; Ex parte Kentucky v. Dennison, 24 How., 66; People v. Chicago, 193 Ill., 507, 58 L. R. A., 854; Art. 5, sec. 3, Texas Constitution; Art. 1012, Rev. Stat.; Art. 3258, Rev. Stats.; Art. 3 of the Final Title of the Rev. Stats.

Any candidate has the right to withdraw before the ballot, and the vote cast for such candidate in the primary election is thereby emancipated, and the delegation of each county may cast the instructed vote or any part thereof of such county for any other candidate whose name is then before the convention. (Election Law, secs. 120 and 114.)

Whenever a candidate before a district convention shall receive a majority of all the convention votes he shall be declared the nominee, and the power of the convention is exhausted, and the convention could not lawfully proceed any further and deprive the nominee of the certificate. Terrell Election Law, secs. 114, 120; State v. Smith, 15 Ore., 92; State v. Fagan, 42 Conn., 32; State v. Mobile, 9 Ala., 338; First Park v. Stearne, 20 Pick., 154; Strong v. Petitioners, 20 Pick., 484; King v. York, 4 Term Rep., 699.

*W. J. McKie, F. M. Etheridge* and *Lewis Carpenter,* for respondents. —No briefs for respondents reached the reporter.

GAINES, CHIEF JUSTICE.—We are of opinion that the writ of mandamus prayed for in this case should be refused.

As we construe section 120 of the Act of the Legislature commonly known as "the Terrell election law," it was the purpose of the Legislature to devolve the duty of determining the nominee of a party for a district office upon the convention called for that purpose and also to make it the duty of the chairman of that convention to certify the result. It appears from the allegations of the petition and the answer, that the chairman of the convention called to make a nomination of a candidate for the office of a Representative in Congress for the Sixth Congressional District, has given his certificates as required by the section named, showing that Rufus Hardy was nominated. This we think is conclusive and that the Democratic executive committee for the district is without power to review that action. Whether the chairman of the convention acted properly or not, it is not for us to decide. Since we conclude that the relator has shown no right to be declared the nominee of the convention, a writ of mandamus should not be awarded in his favor.

*Mandamus refused.*